UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN GRANT and ANDREI TIBULIAC, on behalf of themselves and others similarly situated,

              Plaintiffs,

v.

UNCLE JACK'S STEAKHOUSE INC., individually and d/b/a UNCLE JACK'S STEAKHOUSE, and WILLIAM DEGEL, individually.

              Defendants.

**COMPLAINT**
**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

---

Plaintiff, on behalf of himself and others similarly situated to him, by and through his undersigned attorneys, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

### THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Uncle Jack's Steakhouse, Inc. is a New York Corporation that owns/operates Uncle Jack's Steakhouses at 44 West 56th Street, New York, 440 9th Avenue, New York, and 39-40 Bell Boulevard, Bayside.

5. Each of the Uncle Jack's restaurants has annual gross sales in excess of $500,000.

6. The Uncle Jack's restaurants are part of a single integrated enterprise that jointly employed Plaintiff, and those similarly situated, at all relevant times.

7. Each of the restaurants operates under the same trade name, Uncle Jack's Steakhouse.

8. The Uncle Jack's restaurants share the same website: www.unclejacks.com.

9. The Uncle Jack's restaurants share common ownership and management, including the individual Defendant named herein, William Degel ("Degel").

10. For example, on Defendant Uncle Jack's Restaurant's webpage that Defendant Degel opened each restaurant himself with future plans to franchise.

11. The Uncle Jack's restaurants share the same general management and have centralized payroll practices.

12. Throughout the single integrated enterprise that is Uncle Jack's Steakhouse, management regularly warned employees that "Uncle Jack does not pay overtime."

13. Defendant William Degel is the managing owner of the Uncle Jack's restaurants. As such, he has ultimate authority over employees' rates of pay, scheduling, hiring and firing, and maintenance of employment records.

14. Defendant Degel has a uniform policy of not paying overtime.

15. In an April, 2016 news article, Defendant Degel announced plans regarding "taking his 20-year-old company public."

2

16. In a January, 2018 news article, Defendant Degel said that the minimum wage makes it difficult to retain employees because wait staff "have a sense of entitlement."

17. Plaintiff Sean Grant ("Grant") worked at Uncle Jack's Steakhouse on West 56th Street as a server, then as a front-waiter from about March 2011 until July 1, 2017.

18. Plaintiff Andrei Tibuliac ("Tibuliac") worked at Uncle Jack's Steakhouse on West 56th Street as a Captain, then as a front-waiter from July 4, 2014 until January 10, 2016.

19. Throughout Plaintiffs' employment they occasionally worked more than 40 hours in a single workweek.

20. Plaintiff Grant usually worked double shifts at the restaurant, which began at 10:30 a.m. and ended close to midnight.

21. Plaintiff Grant usually worked between 60 to 70 hours in a single workweek during the busy seasons.

22. Plaintiff Tibuliac generally worked between 40 to 50 hours in a single workweek.

23. Plaintiff Tibuliac often received paychecks for fewer hours than he worked.

24. Plaintiffs were generally not paid the overtime premium when they worked overtime.

25. Management told Plaintiff Grant that "Uncle Jack's does not pay overtime."

26. Based on discussions with his coworkers, Plaintiff Tibuliac learned that it was very common not to be paid for all of the hours that you worked at Uncle Jack's Steakhouse.

27. When Plaintiffs, and similarly situated employees, worked more than 40 hours in a single workweek, management altered his time records to reflect fewer hours.

28. Plaintiffs' paystubs did not reflect the correct number of hours he work, did not reflect spread of hours, and did not reflect the applicable overtime premium.

29. Plaintiffs, and similarly situated employees, were required to participate in a mandatory tip pool.

30. Plaintiffs, and similarly situated employees, did not have any control over how the tip pool was divided.

31. On occasion the restaurant would take money from the mandatory tip pool to cover losses.

32. Plaintiff Grant was forced to compensate the restaurant when customers paid with counterfeit currency.

33. Plaintiffs, and similarly situated employees, were occasionally sent home early because the restaurant was not busy.

34. Plaintiffs, and similarly situated employees, were not paid the required 3 hours of wages for call in pay when they were sent home early.

35. For a period of time, Plaintiff Grant usually arrived for work an hour and a half early on Sunday to complete side work before clocking in at 10:30 a.m..

## FLSA COLLECTIVE ALLEGATIONS

36. Plaintiffs bring Count 1 as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants at Uncle Jack's Steakhouse as a Captain, Server, Front-Waiter, Back-Waiter, Busser, and Bartender on or after the date that is three years before the filing of the Original Complaint in this case as defined herein. ("FLSA Collective Plaintiffs").

37. At all relevant times, Plaintiff, and the members of the FLSA Collective, are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, plan and common policies, programs,

practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay them overtime for work in excess of forty (40) hours per workweek. The Captains, Servers, Front-Waiters, Back-Waiters, Bussers, and Bartenders all participated in the mandatory tip pool. The claims of Plaintiff, stated herein, are essentially the same as those of the other FLSA Collective Plaintiffs.

38. Count 1 is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

39. Plaintiffs bring the state law Claims for Relief (Counts 2, 3, 4, and 5) under the New York Labor Law ("NYLL") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at Uncle Jack's Steakhouse, employed as Captains, Servers, Front-Waiters, Back-Waiters, Bussers, and Bartenders on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

40. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

41.     The proposed Class is so numerous that joinder of all members is impractical, and the disposition of their claims as a class will benefit the parties and the Court. The identities of the proposed Class members are ascertainable through Defendants' payroll records. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, there are more than 130 potential Class members.

42.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which could be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

43.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class actual would result in a significant saving of these costs. The prosecutor of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. Upon information and belief, Defendants and other restaurants throughout the state violate the New York Labor Law. Current employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to:

    a. Whether Defendants employed Plaintiffs and the Class members within the meaning of the NYLL.

b. At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c. Whether Defendants properly compensated Plaintiffs and Class members for overtime.

d. Whether Defendants illegally retained portions of Plaintiffs' and Class members' tips.

e. Whether the potential Class members were paid the spread of hours.

f. Whether Defendants provided Plaintiffs and Class members with the proper notices.

g. Whether Defendants unlawfully utilized the "tip credit" when paying Class members;

h. Whether Defendants failed to pay the Class members the required call in pay.

i. Whether Plaintiffs and the members of the Class are entitled to damages, liquidated damages, and if so, the method by which such damages should be calculated;

j. Whether Defendants are liable for the attorneys' fees and costs of the members of the Class.

## FACTS

47. Defendants committed the following acts knowingly, intentionally, and willfully.

48. Defendants knew that the nonpayment of minimum wage, nonpayment of overtime, insufficient payment of overtime, and illegal deductions from tips would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class and violated federal and state laws.

49. Plaintiff, FLSA Collective Plaintiffs, and Class Members often worked overtime.

50. Plaintiff, FLSA Collective Plaintiffs, and Class Members often worked more than 10 hours in a single day.

51. For example, Plaintiff Grant was often scheduled to and in fact did work double shifts multiple times per week.

52. A double shift typically entailed at least 12 hours of work, as it began at 10:30 a.m. and ended close to midnight.

53. Uncle Jack's Steakhouse was usually busy during the summer months through the end of the year.

54. Thus, in weeks when Plaintiffs worked more than one double shift, they sometimes worked between 50 to 60 hours in a single workweek.

55. Nevertheless, Defendants regularly altered Plaintiff's, FLSA Collective Plaintiffs', and Class Members' time cards on these weeks and paid them for 40 hours or less.

56. Defendants never paid Plaintiff, FLSA Collective Plaintiffs, and the Class Members spread of hours.

57. Defendants did not give Plaintiffs and the Class Members proper notices of spread of hours and the proper overtime pay, as required by NYLL § 195(3).

58. Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiffs to share their tips with Defendants would economically injure Plaintiffs and violated federal and state laws

59. For example, if the restaurant was unable to collect payment from a customer, or it received counterfeit currency, it would take the lost money out of the tip pool meant for service staff.

60. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

### COUNT 1
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

61. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

62. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

63. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one-half times their hourly wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

64. Employees were told that Uncle Jack's Steakhouse does not pay overtime.

65. Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three year statute of limitations applies.

66. Plaintiff, on behalf of himself and the members of the FLSA Collective, seek damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 2
### (New York Overtime Violations, NYLL §§ 650 *et seq.*)
### (N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
### (Brought by Plaintiffs on Behalf of the Class)

67. Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

68. At all relevant times, Defendants knowingly failed to pay Plaintiffs and the members of the Class the full New York overtime rate per hour of one and a half times their hourly wage for work in excess of forty (40) hours per workweek, failed to pay when an employee worked more than forty (40) hours a week, and willfully failing to keep records required by New York law even though the NYLL Class members have been and are entitled to overtime.

69. As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the Class members, are entitled to damages in an amount to be determined at trial, liquidated (double) damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

## COUNT 3
### (Illegal Deduction from Gratuities, NYLL §§ 193, 196-d and 198-b)
### (Brought by Plaintiffs on Behalf of the Class)

70. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

71. Pursuant to NYLL § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person. . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

72. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

73. As a result of Defendants' unlawful conduct, Plaintiffs and Class members were denied tips to which they were otherwise entitled.

74. Defendants willfully and intentionally violated § 196-d of the NYLL.

75. As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs and the proposed members of the Class are entitled to damages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs, pre-judgment interest, post-judgment interest, all other damages available under New York law, and such other legal and equitable relief as this Court deems just and proper.

### COUNT 4
**(Spread of Hours Violations, NYLL §§ 190 *et seq.* and 650 *et seq.*)**
**(12 NYCRR § 137-1.7 and 137-3.11)**
**(Brought by Plaintiffs on Behalf of the Class Against All Defendants)**

76. Plaintiffs, on behalf of themselves and all those similarly situated, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77. Defendants failed to pay Plaintiffs and Class members one additional hour's pay at the minimum wage rate for each day Plaintiffs' hours exceed ten hours of work.

78. Defendants' failure to pay "spread of hours" pay was willful.

79. As a result of Defendants' unlawful conduct, Defendants are liable to Plaintiffs,' as well as other Class members, for damages in an amount to be determined at trial.

### COUNT 5
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Brought by Plaintiffs On Behalf of the Class)**

80. Plaintiffs, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

81. Defendants failed to provide Plaintiffs with the notices required by NYLL § 195(3).

82. Defendants issued wage statements with the incorrect overtime wage, number of hours, and overtime worked on all notices and employee acknowledgements as required by NYLL § 195(3).

83. Defendants failed to include spread of hours on the wage statements.

84. As a result of Defendants' unlawful conduct, Defendants are liable to each Plaintiff and Class member in the amount of $5,000, pursuant to NYLL § 198 (1-d), along with costs and attorneys' fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiffs as Representatives of the Class;

E. An award of damages, lost wages, overtime, back pay, and tips, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. A civil penalty under § 198(1-b) in an amount to be determined at trial;

H. A civil penalty under § 198(1-d) in an amount to be determined at trial;

I. Pre-judgment and post-judgment interest;

J. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. § 216, NYLL § 663, and other applicable laws; and

K. Such other further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is requested on all claims alleged herein.

Dated: New York, NY
February 12, 2018

By: _____
Jeffrey E. Goldman, Esq.
THE LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Ave., Suite 1900
New York, NY 10017
T: 212-983-8999
F: 646-693-2289

*Attorney for Plaintiffs, proposed FLSA Collective Members, and proposed Class*