## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Rosario Simone ("Plaintiff") has alleged that he has been the subject of unlawful employment practices by his employer, Uncle Jack's Steakhouse Inc., d/b/a Uncle Jack's Steakhouse, Uncle Jack's Steakhouse Midtown Inc., d/b/a Uncle Jack's Steakhouse, and William Degel. ("Defendants");

**WHEREAS**, an action was commenced against Defendants on February 12, 2018, in the Southern District of New York (the "Court"), bearing Case No. 1:18-cv-01234 (ALC) (the "Action");

**WHEREAS**, Defendants vigorously deny the allegations;

**WHEREAS**, Plaintiff and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiff's counsel and Defendants' counsel have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.     In consideration of the payment to Plaintiff by Defendants of the gross sum of Two Thousand Eight Hundred Seventy Two Dollars and Ninety Three Cents ($2,872.93) (the "Settlement Amount"), to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants as well as their current and former owners (including, but not

the forgoing, Plaintiff does not release, settle or otherwise prejudice any claim he may have for worker's compensation benefits or unemployment benefits.

2. Provided that Plaintiff executes this Agreement the Settlement Amount shall be paid as follows:

   (a) Upon Plaintiff's execution of this Agreement, Defendants shall make two payments to Plaintiff in the total amount of Two Thousand Eight Hundred Seventy Two Dollars and Ninety Three Cents ($2,872.93). The first payment of One Thousand Nine Hundred Fifteen Dollars and Twenty Nine Cents ($1,915.29) shall be allocated as follows:

      i. One (1) check from or on behalf of Defendants made payable to Rosario Simone in the total amount of One Thousand Two Hundred Forty Eight Dollars and Sixteen Cents ($1,248.16), Defendants shall provide a Form 1099 for this payment;

      ii. One (1) check from or on behalf of Defendants made payable to Jeffrey E. Goldman, Esq. in the total amount of Forty Three Dollars and Ninety Eight Cents ($43.98), representing payment for Plaintiff's costs;

      iii. One (1) check from or on behalf of Defendants made payable to Jeffrey E. Goldman, Esq. in the total amount of Six Hundred Twenty Three Dollars and Fifteen Cents ($623.15), representing payment for Plaintiff's attorneys' fees;

   (b) Thirty (30) days from the date of the first payment, Defendants shall make the second payment to Plaintiff in the total amount of Nine Hundred Fifty

3

as any and all other lawsuits, claims, demands or actions pending against Defendants and Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Defendants and Releasees as he acknowledges no valid basis for filing such claims. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Notwithstanding the foregoing, nothing herein shall prevent Plaintiff from filing a charge of discrimination with any agency or cooperating with an investigation by an agency; seeking or filing a worker's compensation claim or a claim for unemployment benefits.

6.  Plaintiff acknowledges that he have received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified. Defendants release Plaintiff from any and all claims of any nature.

7.  Plaintiff acknowledges that he has been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime,

12.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13.     Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14.     Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

15.     The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

16.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

17.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the United States District Court for the Southern District of New York will have jurisdiction over this Agreement.

18.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

**PLAINTIFF**

_____
ROSARIO SIMONE

**DEFENDANTS**

_____
UNCLE JACK'S STEAKHOUSE INC., d/b/a UNCLE JACK'S STEAKHOUSE
By:
Title:

_____
UNCLE JACK'S STEAKHOUSE MIDTOWN INC., d/b/a UNCLE JACK'S STEAKHOUSE
By:
Title:

_____
WILLIAM DEGAL

9

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

**PLAINTIFF**

_____
ROSARIO SIMONE

_____

**DEFENDANTS**

_____
UNCLE JACK'S STEAKHOUSE INC., d/b/a UNCLE JACK'S STEAKHOUSE
By:
Title:

_____
UNCLE JACK'S STEAKHOUSE MIDTOWN INC., d/b/a UNCLE JACK'S STEAKHOUSE
By:
Title:

_____
WILLIAM DEGAL